**HAMILTON COSCO, INC., Plaintiff,**

v.

**CENTURY PRODUCTS, INC., Defendant.**

**Civ. A. No. C 69-98.**

United States District Court
N. D. Ohio, E. D.
Oct. 17, 1969.

Jack W. Hanley, Trask, Jenkins & Hanley, Indianapolis, Ind., Charles B. Gordon, McNenny, Farrington, Pearne & Gordon, Cleveland, Ohio, for plaintiff.

Donald A. Teare, Teare, Teare & Sammon, Cleveland, Ohio, for defendant.

## MEMORANDUM

WILLIAM K. THOMAS, District Judge.

Hamilton Cosco, Inc., assignee of several patents pending on a toilet trainer (hereinafter Cosco), sues Century Products, Inc., (hereinafter Century) for patent infringement. In a preliminary motion Cosco seeks a court order directing the Patent Office to correct the listed inventors in Cosco's patent 203,435. Cosco claims that Raymond R. Spilman, a coinventor, was inadvertently omitted in the patent application that resulted in the issuance of the patent. Cosco, therefore, requests a court order pursuant to 35 U.S.C. § 256 (1954) directing the Commissioner to issue a certificate adding the omitted co-inventor.

Cosco has diligently made several previous attempts to correct the omission of the alleged co-inventor through the Patent Office; but, for reasons that do not bear upon the merits of Cosco's claim, Cosco has been unsuccessful.

Two sections of the United States Code are directly relevant to Cosco's motion. 35 U.S.C. § 116 (1954) provides in part:

Whenever * * * a joint inventor is not included in an application through error, and such error arose without any deceptive intention on his part, the Commissioner may permit the application to be amended accordingly, under such terms as he prescribes.

35 U.S.C. § 256 (1954) provides in part:

Whenever a patent is issued and it appears that a person was a joint inventor, but was omitted by error and without deceptive intention on his part, the Commissioner may, on application of all the parties and assignees, with proof of the facts and such other requirements as may be imposed, issue a certificate adding his name to the patent as a joint inventor.

The misjoinder or nonjoinder of joint inventors shall not invalidate a patent, if such error can be corrected as provided in this section. The court before which such matter is called in question may order correction of the patent on notice and hearing of all parties concerned and the Commissioner shall issue a certificate accordingly.

Section 116 deals with correction of the patent application and Section 256 treats the correction of the patent after issuance. Together they show a desire on the part of the legislators to minimize disputes over the question of whether or not an invention is joint. Monsanto Co. v. Kamp, 269 F.Supp. 818, 824 (D.D.C. 1967); see, Application of Schmidt, 293 F.2d 274, 279, 48 CCPA 1140, 1148 (1961). Under Section 256 this court may order the requested patent correction if after notice and hearing it appears that three prerequisites are satisfied. Under Rule 43(e), Federal Rules of Civil Procedure it may make a determination based on affidavits. The three prerequisites are these:

1. The omitted person was a joint inventor and

2. was omitted by error

3. without deceptive intent on his part.

The United States Court of Customs and Patent Appeals construes the term "error" liberally in order to further the purpose of patent correction where the question involves merely the misjoinder

or non-joinder of inventors. *See,* Application of Schmidt, *supra.*

Accompanying its motion Cosco provides affidavits of the omitted inventor and the two inventors originally credited with the invention. The omitted inventor Spilman says that he worked for Cosco during the development of the toilet trainer and further:

I * * * know that both those designs resulted from the joint effort of myself and James F. Sellars, Jr. and Reynold C. King, the coinventors named in those patents.

* * * * * *

[M]y work on the project to design a trainer was conducted in both Columbus, Indiana and Stamford, Connecticut. It was also conducted when I was present with, and absent from Sellars and King.

* * * * * *

At the time, I did not know that Cosco was filing a patent application * * *.

* * * * * *

I know for a fact that the omission of my name as coinventor * * * was wholly without any deceptive intent upon my part. I believe that that omission was merely an inadvertent error and wholly without any deceptive intent upon the parts of Sellars, King, or Cosco, as is evidenced by the attempts to correct that error both before and after the issuance of patent * * *.

Co-inventor Sellars says that he worked for Cosco and that he and Reynold C. King invented the structural feature of the toilet trainer and that "both of us had the cooperation of * * * Spilman * * * in arriving at the trainer designs * * *." Sellars corroborates Spilman's affidavit and explains the original omission of Spilman by stating:

I knew that * * * King and I were jointly responsible for the structural features of the trainers, so in preparing * * * written requests [for patent applications] I named him

and me as the inventors to be named in the patent applications. I inadvertently overlooked the fact that said Spilman had cooperated with us in reaching the exterior designs which, out of many considered, were finally approved for patenting.

* * * * * *

I had no deceptive intent.

Co-inventor King's affidavit indicates that King was an employee of Cosco, is consistent with Sellar's statement, and affirms the affidavit of Spilman.

Plaintiff also supplies a copy of the file wrapper for patent Des. 203,435 evidencing several attempts to correct the omission of the alleged co-inventor and an affidavit of the attorney who guided Cosco's patent application explaining his actions.

Plaintiff urges that this court should grant its motion upon the basis of the evidence submitted. To the contrary, defendant argues that plaintiff has failed to present sufficient facts to enable this court to make a decision. However, defendant failed to avail itself of the opportunity to obtain and submit opposing evidence by means of deposition.

The affidavits, previously reviewed, convince the court, and the court finds, that the omission was erroneous and without deceptive intent. All parties involved swear that the omission of Mr. Spilman was merely an inadvertent error. Clearly, Mr. Spilman could not have had a deceptive intent concerning the original application before he knew of its existence. His attempts to rectify the error, once he discovered it, preclude any finding of deceptive intent.

Plaintiff's offer of proof of Mr. Spilman's status as a joint inventor indicates that Spilman worked for Cosco on the project in two different locations, both within and without the presence of his alleged co-inventors. Spilman says that he knows "both those designs resulted from the joint effort of [him]self and James F. Sellars and Reynold C. King * * *." Mr. Sellars and Mr. King indicate that "Spilman had cooperated with

us in reaching the exterior designs * * *." It is true the papers presented to this court do not detail the nature of Mr. Spilman's contributions.

Though these statements tend to be conclusory since the other co-inventors agree that a co-inventor has been inadvertently omitted, the statements are determined to be legally sufficient. This decision is made without prejudice to defendant's right to assert any defense to the infringement action, including that which might be raised under 35 U.S.C. § 102(f) (1954).

Cosco's motion to correct United States Des.Patent No. 203,435 is granted. The Commissioner is ordered to issue a certificate naming Raymond R. Spilman as co-inventor.